THE PEOPLE OF THE STATE OF NEW YORK ex rel. BANKERS COMMERCIAL SECURITY COMPANY, INC., Respondent, v. HENRY M. GOLDFOGLE and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants. (Moneyed Capital Taxes of 1923.)

First Department, July 6, 1925.

**Taxation — tax on moneyed capital coming into competition with business of National banks — relator's business consists of dealing in installment paper having maturities of thirty months — National banks deal in similar paper with shorter maturities — relator's capital does not come into competition with business of National banks and is not taxable on that basis.**

The capital of the relator does not come into competition with the business of National banks and cannot be taxed on that basis, since it appears that the relator is engaged in the business of dealing in installment paper which comprises contracts of conditional sale, leases, mortgages or notes all evidencing the sale on the installment plan of pianos and piano players, the notes being about six per cent only of the business; that the maturities on the installment contracts are approximately thirty months; that at the time of the assessment the relator was not dealing in installment paper secured by mortgages or contracts of conditional sale or leases secured by automobiles, but had some notes left on the books; and that while National banks do buy or deal in certain types of installment notes and make loans on security of mortgage notes and assignment of chattels, they do not buy or deal in the class of paper in which the relator was dealing.

APPEAL by the defendants, Henry M. Goldfogle and others, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 30th day of December, 1924, in certiorari proceedings brought to review assessments on property of the relator, under the Laws of 1923, chapter 897, amending the Tax Law and known as the Moneyed Capital Tax Law, directing that the assessment of $2,000,000 made by the defendants for the purposes of taxation for the year 1923, against the relator on the value of moneyed capital owned or held by the relator coming into competition with the business of National banks, be vacated and canceled.

The opinion of the Special Term is reported *sub nom. People ex rel. Broderick* v. *Goldfogle* (123 Misc. 399).

*George P. Nicholson, Corporation Counsel* [*William H. King* of counsel; *Eugene Fay* with him on the brief], for the appellants.

*Walter A. Hall* [*Henry M. Powell* of counsel; *Reginald F. Isaacs* with him on the brief], for the respondent.

DOWLING, J.:

The learned court at Special Term has found the nature of relator's business as follows, to which no exception was taken:

On May 1, 1923, the relator was engaged in the business of dealing in installment paper which comprised contracts of conditional sale, leases, mortgages or notes, all evidencing the sale on the installment plan or deferred payment plan of pianos and piano players by dealers to their customers and the notes being only about six per cent thereof. Such installment paper secured by pianos and piano players the relator purchased each month from dealers with whose manufacturers the relator had contractual relations, sufficient in amount so that the proceeds would pay the manufacturer in full the invoices rendered the dealer by the manufacturer for shipments of merchandise made during the preceding month. The maturities on the installment contracts so purchased by the relator were approximately thirty months and the payments thereon averaged about twelve dollars and fifty cents to fifteen dollars per month in each case until said installment paper was fully paid, which payments were collected by the dealer and remitted to the relator. The contractual relations between the relator and the manufacturers were in the form of written contracts whereby the manufacturer agreed that in the event that it became necessary for the relator to repossess any instrument securing such paper sold to the relator by the dealer, the manufacturer would purchase from the relator such instrument for the amount of the unpaid balance due with interest and the cost and expense of repossession, and in the event of the relator sustaining a loss by reason of there being no collateral security of the instru-

ment securing the paper, due to dishonesty or misrepresentation of the dealer, the manufacturer would indemnify the relator to the full amount of such loss. In its business with dealers about ninety per cent thereof was upon the basis whereby the relator at the request of the dealer paid to the manufacturer the amount of the invoice, which was fixed at eighty per cent of the total purchase price of the paper, and gave to the dealer a due bill for the balance of twenty per cent, constituting the relator's obligation to the dealer, bearing thirty coupons, one coupon with interest maturing every thirty days, being payable by the relator. The remaining ten per cent of its business with dealers was upon the basis whereby the relator, to accommodate a dealer, purchased from each dealer installment paper at a discount, paying the proceeds of such purchase direct to the dealer instead of to the manufacturer and in such cases thirty months' interest bearing paper was purchased at ten per cent discount and eighty per cent of the purchase price was paid in cash to the dealer and twenty per cent by a due bill from the relator to the dealer bearing thirty coupons, one coupon with interest maturing every thirty days being payable by the relator.

It further appears from the record that on May 1, 1923, relator was not dealing in installment paper secured by mortgages or contracts of conditional sale or leases secured by automobiles, but had some of the notes left on their books, having discontinued the purchase of such paper years before. These notes likewise evidenced the payments on the automobile mortgages or contracts of conditional sale and the notes so recite. If discounted without the accompanying contract, the lien on the chattel would be lost, and, therefore, that practice is never followed. It was stipulated that certain officers of National banks, if called, would testify that National banks, generally, in the city of New York do not buy or deal in installment paper having maturities as long as those dealt in by the relator, nor collected in the manner in which the relator collects them, but do buy or deal in certain types of shorter term installment notes and do loan on the security of installment notes and assignments of title of chattels.

Upon the record in this proceeding I deem it quite clear that relator's capital did not enter into competition with the business of National banks, and that the order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., FINCH, MCAVOY and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.